## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 22 2020, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kelly M. Starling
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Angela N. Sanchez
Tina L. Mann
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

N.H.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

May 22, 2020

Court of Appeals Case No.
19A-JV-2876

Appeal from the Marion Superior Court

The Honorable Danielle P. Gaughan, Judge Pro Tempore

The Honorable Geoffrey A. Gaither, Magistrate

Trial Court Cause No.
49D09-1908-JD-977

**Bailey, Judge.**

# Case Summary

[1] N.H. appeals the juvenile court's true finding that she committed the delinquent act of escape, a Level 6 felony[1] if committed by an adult. The only issue she raises on appeal is whether the trial court abused its discretion when it admitted State's Exhibits 1 and 2 into the record, over her objections.

[2] We affirm.

# Facts and Procedural History

[3] In early August of 2019, the State placed N.H. on electronic monitoring as a pretrial condition in relation to another case. On August 13, the State filed a delinquency petition in which it alleged that N.H. committed the delinquent act of escape. The juvenile court conducted a fact finding hearing on September 27 at which Lidiana Adams ("Adams"), N.H.'s Marion County Juvenile Probation Officer, testified that, on August 7, N.H. was released from detention and, as a condition of her release, was placed on a GPS electronic monitoring system in the form of a monitor on an ankle strap. Adams testified that ankle monitors allow the community adjustment team ("CAT") of the Marion

---

[1] Ind. Code § 35-44.1-3-4(b) ("A person who knowingly or intentionally violates a home detention order or intentionally removes an electronic monitoring device or GPS tracking device commits escape, a Level 6 felony.").

County Juvenile Probation Department to monitor a juvenile's location at all times.

[4] On August 12, CAT received an alert that N.H.'s ankle monitor was either malfunctioning or had been tampered with. Because the probation department was unable to contact N.H. otherwise, Adams and members of CAT went to N.H.'s home. N.H. was not there, but Adams and the other probation officers found an ankle monitor lying in the driveway of N.H.'s home with the strap cut and a pair of scissors lying next to the ankle monitor. From the information Adams had up to that point, she believed the discarded ankle monitor belonged to N.H. The probation officers collected the ankle monitor and filed a notice of probation violation.

[5] Dave Akers ("Akers"), the supervisor of Marion County CAT, also testified. Through Akers, the State offered into evidence two exhibits. Akers testified that he had printed out both exhibits from the computer system CAT uses to monitor juveniles on community release. He stated that computer system is "from" a company out of Colorado called Behavioral Interventions Total Access, which services the monitoring equipment and provides CAT with alerts when certain activities occur, such as tampering with ankle monitor straps. Tr. at 15. Exhibit 1 was a printout of an activity summary indicating that a "Tracker Strap Tamper" had occurred on August 12, 2019, for the ankle monitor provided to N.H.. Ex. 1. N.H. objected to Exhibit 1 as "hearsay," and on the grounds that the State had only provided the document to N.H. right before the hearing. Tr. at 16. The juvenile court asked Akers if there was any

information in Exhibit 1 "that hasn't been talked about today in court," and Akers replied in the negative. *Id*. at 19. The court overruled the objection and Exhibit 1 was admitted.

[6] Akers also testified as to Exhibit 2, which was another document he had printed out from the system owned by Behavioral Interventions. Exhibit 2 contained a "history" of activity on N.H.'s ankle monitor from August 8 through September 24, 2019. Tr. at 22. Akers stated that the documents in both Exhibits 1 and 2 are documents CAT "keeps in its regular course of business." *Id*. at 23. N.H. objected to the admission of Exhibit 2 on the grounds that (1) it was provided to her only right before the hearing and (2) it is hearsay. As to the latter, N.H. noted the document in Exhibit 2 is from a computer system "from [Behavioral Interventions] Total Access," and Akers is "not the keeper of that system." *Id*. N.H. further stated: "We don't have anybody here from Total Access to authenticate that these [exhibits] are accurate or anything about the [computer] system." *Id*. The juvenile court overruled the objection and Exhibit 2 was admitted into evidence.

[7] On November 8, 2019, the court issued its written order finding it true that N.H. committed the delinquent act of escape, a Level 6 felony if committed by an adult, and placing her on probation. This appeal ensued.

# Discussion and Decision

[8] N.H. appeals the juvenile court's admission of State's Exhibits 1 and 2 into evidence. A trial court has broad discretion to rule on the admissibility of evidence, and we review such rulings for an abuse of discretion. *E.g.*, *Cornell v. State*, 139 N.E.3d 1135, 1143 (Ind. Ct. App. 2020) (citing *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012)). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[9] As an initial matter, the State asserts that N.H. has waived her appeal of the admission of Exhibits 1 and 2 because her objections to those exhibits lacked specificity. Indiana Rule of Evidence 103(a)(1) provides, in relevant part, that an error is preserved for appeal only if a party makes a timely objection that states a specific ground, "unless it was apparent from the context." The State contends that the hearsay objections to its exhibits were insufficient because they did not reference Indiana Rule of Evidence 803(6), commonly referred to as the "business records exception" to hearsay.

[10] However, N.H.'s hearsay objection to Exhibit 2 was specific enough as it asserted a lack of authentication by the record keeper, which is a requirement of the business records exception to the rule against hearsay. Ind. Evid. R. 803(6)(D). And N.H.'s general hearsay objection to Exhibit 1 was sufficient to preserve the issue of its admissibility on appeal, as the ground for the objection was apparent from the context. *See* Evid. R. 103(a)(1); *Ward v. State*, 50 N.E.3d

752, 756 (Ind. 2016) (cautioning appellate courts not to unrealistically "insist on detailed doctrinal arguments during the exigencies of trial," and observing that an objection need simply be sufficient "to let the trial judge make an informed decision and prevent the objecting party from switching theories on appeal"); *K.T. v. Ind. Dep't of Child Servs.* ("*In re O.G.*"), 65 N.E.3d 1080, 1086-76 (Ind. Ct. App. 2016) (finding a general hearsay objection sufficient to preserve the issue of admissibility for appeal, even when the objection did not specifically identify the business records exception to the hearsay rule), *trans. denied*. N.H. did not waive appeal of the admissibility of State's Exhibits 1 and 2.

[11]     N.H. contends the trial court abused its discretion when it admitted State's Exhibits 1 and 2 into evidence. Specifically, she maintains that those documents do not fall within the business records exception to the rule against hearsay. *See* Evid. R. 803(6). However, even assuming—without deciding—that the exhibits were inadmissible hearsay, their admission was harmless error.

> "The fact that evidence was erroneously admitted does not automatically require reversal, and we will reverse only if we conclude the admission affected a party's substantial rights." [*In re A.J.*, 877 N.E.2d 805, 813 (Ind. Ct. App. 2007), *trans. denied*.] "In general, the admission of evidence that is merely cumulative of other evidence amounts to harmless error as such admission does not affect a party's substantial rights." *In re Paternity of H.R.M.*, 864 N.E.2d 442, 450-51 (Ind. Ct. App. 2007)."

*D.B.M. v. Ind. Dep't of Child Servs.*, 20 N.E.3d 174, 179 (Ind. Ct. App. 2014), *trans. denied*; *see also Sibbing v. Cave*, 922 N.E.2d 594, 598 (Ind. 2010) ("[R]eversible error cannot be predicated upon the erroneous admission of

evidence that is merely cumulative of other evidence that has already been properly admitted."(quotation and citation omitted)); *E.B. v. Ind. Dep't of Child Servs.* ("*In re Des.B.*"), 2 N.E.3d 828, 834 (Ind. Ct. App. 2014) ("To determine whether the admission of evidence affected a party's substantial rights, we assess the probable impact of the evidence upon the finder of fact."(citation omitted)).

[12] Here, State's Exhibits 1 and 2 were merely cumulative of the testimony provided by Adams. She testified that: N.H. was on electronic monitoring; the probation department received an alert on August 12, 2019, that N.H.'s monitor was either malfunctioning or had been tampered with; Adams and other probation officers went to N.H.'s house when they could not otherwise get in touch with her; N.H. was not at home; Adams and other probation officers found an ankle monitor lying in N.H.'s driveway with a cut strap; and they also found a pair of scissors lying next to the monitor in the driveway. From that evidence, the juvenile court could reasonably infer that N.H. intentionally removed her electronic monitoring device, thus committing the delinquent act of escape. I.C. § 35-44.1-3-4(b). The evidence in Exhibits 1 and 2 provided no additional information that was necessary to reach such a reasonable inference. The only new information in the exhibits was the specific number of N.H.'s ankle monitor, and that information was not necessary to support the reasonable inference that the ankle monitor with the cut strap found in N.H.'s driveway was N.H.'s monitor. Therefore, the only new information in the challenged exhibits likely had no impact on the juvenile court's decision.

*See In re Des.B.*, 2 N.E.3d at 834. Any error in the admission of State's Exhibits 1 and 2 was harmless.

# Conclusion

[13] N.H. preserved her appeal of the admission of the State's exhibits into evidence by timely objecting on hearsay grounds. However, assuming without deciding that the admission of those exhibits was erroneous, the error was harmless as the relevant information in the exhibits was cumulative.

[14] Affirmed.

Crone, J., and Altice, J., concur.